THOMAS G. COLLUM, Respondent, v. CHARLES FAHR-
NER et al., Defendants; HENRY LUCKSINGER,
Appellant.

### St. Louis Court of Appeals, January 30, 1900.

1. **Promissory Note:** SURETY: LACHES: STATUTORY CON-
STRUCTION. Under section 8344, Revised Statutes 1889, the de-
fendant is not guilty of such laches as to discharge the surety on a
promissory note, who, within thirty days after the service of notice
to such, commences his action by bringing suit at Montgomery City
when the summons was returnable one week later than it would
have been had he commenced suit at Danville, in the same county.

2. ————: PLEADING AND PRACTICE: STATUTORY CON-
STRUCTION: PETITION. A suit on a promissory note is com-
menced by the filing of the petition; the note forms no part of the
petition, and it is when filed but an exhibit which the statute re-
quires to be filed with the petition.

Appeal from the Montgomery Circuit Court.—*Hon. Elliot M.
Hughes*, Judge.

AFFIRMED.

*Emil Rosenberger* for appellant.

(1) The defendant's motion to dismiss should have been
sustained. McHoney v. Ins. Co., 37 Mo. App. 218; Railroad
v. Jenudson, 62 Mo. 569; Rothwell v. Morgan, 37 Mo. 107;
Dyer v. Murdock, 38 Mo. 224; Peake v. Bell, 65 Mo. 224.
(2) The suit was not commenced within thirty days after
the notice had been served which was done on August 22,
1898. There was no suit pending until the note was filed on
which the suit was brought which was November 18, 1898,
although the suit was commenced on the nineteenth day of
September, 1898. To say the least, this was gross negligence

and not due diligence. (3) The statute is not complied with by merely bringing suit within thirty days after the notice is served. The creditor must proceed with his suit with due diligence in the ordinary course of law to judgment and execution against the principal debtor. Sisk v. Rosenberger, 82 Mo. 46. (4) The law is just as imperative that the suit against the principal debtor should be pressed to its final consummation as it is that it shall be commenced within the time limited. Peters v. Linnenschmidt, 58 Mo. 464. (5) After the notice is served the creditor must do two things. First, he must commence his suit within thirty days and secondly, suit must be proceeded with with due diligence in the ordinary course of law, to judgment and execution. Peters v. Linnenschmidt, 58 Mo. 464. (5) Section 8344 under which the notice was given uses almost the same language as section 2391 and the supreme court has defined that section on several occasions and said that "due diligence" means that the suit must be brought to the first term of the court after the action has accrued, means in the case at bar that the suit should have been brought returnable to the first term of the Montgomery Circuit Court after notice. Stone v. Corbett, 20 Mo. 350; O'Fallen v. Kerr, 10 Mo. 553; Baily v. Smock, 61 Mo. 213.

*Warner Lewis & Son* and *Claude R. Ball* for respondent, Thomas G. Collum.

The intent and meaning of the legislature is to be gathered partly from the words and partly from the mischief which the statute was intended to remove and this is so though the words are clear and unambiguous. State v. King, 44 Mo. 283; Schultz v. Railroad, 36 Mo. 13; Ross v. Railroad, 111 Mo. 18; Carson Rand Co. v. Stern, 129 Mo. 381; Nunan v. Smith, 50 Mo. 525; Spitler v. Young, 63 Mo. 42; State v. Devling, 66 Mo. 375; Bank v. Skeen, 101 Mo. 683. The

evident intent of the legislature in enacting the statute relating to "sureties and their discharge" was to enable the surety to put the debt in such shape, that if he has it to pay, he may then recover it from the principal.    See sections 8347, 8348, 8349, also 50, 51 and 52.    The object of the statute providing for the discharge of sureties on bonds, bills and notes upon notice to persons having a right of action thereon, is to secure the party giving the notice against liability to pay the debt when it might be collected from the principal.    Therefore if the principal is beyond the jurisdiction of the court or is insolvent it can have no application.    Says Smith, P. J., in case of Cox v. Jeffries, 73 Mo. App. 420, "the law never requires a vain and useless thing to be done."    "Due diligence" is in the doing of a thing "which the court or jury should be satisfied was reasonably done under the circumstances." Perry v. Barret, 18 Mo. 140; Hickman v. Hollingsworth, 17 Mo. 475; Phillips v. Riley, 27 Mo. 386; Cox v. Jeffries, 73 App. 420.    It seems to us, that it would be a travesty of justice to discharge a person from his solemn contracts upon the technical grounds as shown in this case.

BLAND, P. J.—On August 17, 1896, Charles Fahrner as principal and Henry Lucksinger as surety, executed and delivered to plaintiff their promissory note for $500, due two years after date with interest.    On August 22, 1898, Lucksinger served a written notice on plaintiff to bring suit on the note.    On September 19, 1898, suit was brought by plaintiff on the note returnable to the November term, 1898, of the circuit court, to be held at Montgomery City (parties all being residents of Montgomery county).    The note was not filed with the petition when suit was brought, and on November 16, 1898, defendant Lucksinger, filed his motion to dismiss the suit because the note was not filed with the petition. Leave was taken to file the note, and the motion was overruled,

and on the following day the note was duly filed. The cause was twice continued by consent, or for cause. At the May term it came on for hearing, and was submitted to the court, who found the issues for the plaintiff and rendered judgment for the face of the note, with interest and costs. From this judgment defendant Lucksinger alone appealed, Fahrner having made default.

The answer of Lucksinger set up several defenses, but the only one relied on at the trial was that respondent did not use due diligence to prosecute his suit, after being notified by appellant to sue on the note, and he assigns as error on this appeal, that the court erred in not sustaining this defense. His contention is, that under the law there being two places, to wit, Danville and Montgomery City, at each of which two terms per annum of the Montgomery circuit court is held—one at Danville the first Monday in November, and one at Montgomery City the second Monday in November—the respondent to have exercised due diligence was bound to have commenced his suit at Danville and sue out summons returnable on the first Monday in November, instead of beginning his suit at Montgomery City and making it returnable on the second Monday, as he did do. The section of which appellant undertook to avail himself by giving notice to sue (sec. 8344, R. S. 1889), enacts: "If such suit is not commenced within thirty days after the service of such notice and proceeded in with due diligence, in the ordinary course of law  *  *  * such surety shall be exonerated from liability to the person so notified." The suit was begun within thirty days after the service of notice to sue. Was the respondent guilty of such laches as will discharge the appellant, because by bringing his suit at Montgomery City the summons was returnable one week later than it would have been had he commenced his suit at Danville? We think not. To so hold, in the absence of any testimony whatever that appellant was in the least preju-

diced thereby, it seems to us would be an extremely technical and unreasonable interpretation of the spirit of the meaning of section 8344, *supra*.

Appellant contends further that as the note was not filed with the petition, the suit was not commenced until after his notice to dismiss was overruled and the note was actually filed. The suit was commenced by the filing of the petition; the note formed no part of the petition. It, when filed, is but an exhibit which the statute requires to be filed with the petition. There is no merit in this contention.

The judgment is affirmed. All concur.